Filed 12/22/23  Nemer v. City of Mill Valley  CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| GARY NEMER,<br><br>　　　　Plaintiff and Appellant,<br><br>v.<br><br>CITY OF MILL VALLEY et al.,<br><br>　　　　Defendants and Respondents. | A166234<br><br>(Marin County<br>Super. Ct. No. CIV1701132) |

**MEMORANDUM OPINION**

　　　　This is the third appeal filed by Gary Nemer in his long-running battle with his neighbors and local planning officials over a home remodel project that Nemer alleges exceeds the scope of permits and authorizations his neighbors were granted and violates the local planning code in numerous ways.  (See *Nemer v. City of Mill Valley* (Oct. 16, 2020, No. A157210) 2020 Cal.App.Unpub. LEXIS 6758 (*Nemer I*); *Nemer v. City of Mill Valley* (Oct. 28, 2020, No. A159224) 2020 Cal.App.Unpub. LEXIS 7090 (*Nemer II*).)  After we reversed summary judgment against Nemer on narrow grounds, the trial court held a bench trial and rejected virtually all of Nemer's claims.  Nemer

1

now appeals again. Because he has not filed an opening brief that is adequate to enable meaningful review, we affirm the judgment.[1]

We incorporate by reference the factual and procedural background described in Nemer's two priors appeals and only state the facts necessary to dispose of this appeal.

As described in our prior appellate opinion, Nemer's "operative pleading is extremely detailed and difficult to parse, as is his appellate briefing, but in substance Nemer alleges that city planning authorities turned a blind eye to his complaints about the unauthorized and illegal aspects of construction, and never held a hearing about his code violation complaints or those aspects of the construction that he complained were improper and required a variance under the local planning code. He seeks a writ of mandate and related relief, asking the court to require the City, among other things, to void the certificate of occupancy it issued after a final inspection of the completed construction and to hold properly noticed hearings about those aspects of the construction that he challenges." (*Nemer I, supra*, at pp. *1–*2.)

Nemer sued the City of Mill Valley and the Mill Valley City Council (collectively, the "City") and his neighbors personally, the Geiszlers. Against the City, he alleged four causes of action: two seeking a writ of mandate (the first and second causes of action), a third cause of action alleging the

---

[1] We resolve this case by memorandum opinion. (Cal. Stds. of Jud. Admin., § 8.1.) We do not recite the factual and procedural background because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history." (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion merely reviewing correctness of trial court's decision "does not merit extensive factual or legal statement"].)

2

violation of procedural due process, and a fifth cause of action for declaratory relief alleging the existence of a dispute as to whether the Geiszlers' remodel project exceeds the scope of their City approvals and violates the Mill Valley Municipal Code and whether the City has discretion to refrain from enforcing the local code. (See *Nemer I*, *supra*, at pp. *4–*5.) He alleged the declaratory relief cause of action against the Geiszlers as well, and also a fourth cause of action brought under Government Code section 36900, which creates a private right of action for violations of local ordinances. (Gov. Code, § 36900, subd. (a) ["The violation of a city ordinance may be prosecuted by city authorities in the name of the people of the State of California, or redressed by civil action"].)

The trial court granted summary judgment in favor of the City, and we reversed. (*Nemer I*, *supra*, at p. *1.) We did not address the merits of Nemer's allegations about work done without required permits or in violation of local law; those issues were not before us. We held that, under the Mill Valley Municipal Code, the City has a mandatory duty to void the certificate of occupancy it issued to the Geiszlers if Nemer proved his allegations that the construction violated the Code or the terms and conditions of the permits. (*Nemer I*, at p. *10.) We also held that the City did not prove as a matter of law that Nemer could not prevail on his claim the City violated state and local law by failing to hold a publicly noticed hearing about those aspects of construction that Nemer alleges require a variance. (*Id*. at p. *2.) We did, however, affirm the trial court's rejection of Nemer's constitutional claims because we were "unable to discern an intelligible legal argument for reversal" by Nemer. (*Id*. at p. *33.)

Following a bench trial on remand, the trial court issued a comprehensive 43-page statement of decision ruling against Nemer on almost

3

every issue. The court concluded the Geiszlers' remodel project did not violate any approvals or the Mill Valley Municipal Code other than in one respect: it lacked three on-site parking spaces as required for single family dwellings under the Mill Valley Municipal Code "because part of the parking spaces after construction are on City property."

On July 27, 2022, the court issued a "limited writ of mandate" directing the City to comply with section 20.04.042 of the Code. As we previously explained, that provision "prohibits the issuance of a certificate of occupancy for any structure that violates the Zoning Code and declares any such certificate of occupancy to be 'null and void.' " (*Nemer I, supra,* at p. *5.)

The City filed a return to the writ, and Nemer objected to its sufficiency. The trial court issued an order to show cause as to why the writ should not be discharged but before a hearing on that issue, Nemer filed a notice of appeal from the July 27, 2022 writ, and the trial court stayed proceedings pending this appeal.

Nemer has filed a lengthy opening brief that is virtually impossible to understand. It is vague, conclusory, and unfocused. He has not explained the relevant facts in a coherent way nor summarized the relevant evidence; many of his record citations are inscrutable; his 32-page "Statement of the Case" and "Statement of Facts" is argumentative and uninformative; and his kitchen-sink approach to legal argument in the "Argument" section of his brief is almost entirely lacking in legal authority and analysis. Two respondent's briefs attempt to parse his arguments, and persuasively rebut them, and yet his reply brief suffers from the same defects as his opening brief.

For example, illustrative of his defective and uninformative statement of the facts is this discussion at page 47, captioned under a heading stating

4

that his neighbors "constructed foundations within setbacks without variance approval (see III.D.9 and III.F.3., unapproved Code violations)":

"Petitioner introduced evidence based upon Petitioner's Observation Testimony that Geiszlers constructed foundations, some of which were within setbacks. (Setback violations are found in CT:541-545, Trial Fact 21, 22, 23, 25, 29, 30, 31, and see III.D.9 and III.F.2). The testimony is confirmed by Hockstrasser, CT:708, Item #25. The foundation work could be observed in the same way as demolition work. Geiszlers' construction of foundations was not described in the Approval, and some of the work was within setbacks and was *specifically restricted in the Approval*. (see Approval Table Row 11, Sections III.D.9 and III.F.2). Respondents did not rebut Petitioner's evidence which covers *As-Built Work*. The Statement of Decision does not adequately address the deficiencies in the Respondents' evidence." (Bolding omitted.)

The cross-references in this discussion ("III.D.9" and "III.F.2") are to two other portions of the statement of facts that are equally impenetrable and supported in part by yet further cross-references to other (equally confusing) sections of the statement of facts. The reference to "Approval Table Row 11" is a cross-reference to an incomprehensible table of information at page 15 of the statement of facts that is supported by no citation to any actual evidence.[2] And apart from the gymnastics required to

---

[2] He describes it as "a table summarizing the Table of Approval/Permit Authorizations in the Trial Brief [at CT 556-557] . . . with the final approvals highlighted." At row 11 it says this: under the first column entitled "In Application [see Ex C Trial Fact]" it states "NO ADDITIONAL FOUNDATION ADDED AT CREEK SETBACK, EXISTING FOOTINGS TO BE REUSED." Under the second column entitled, "In Approval [See Ex C Trial Fact]" it states "No new foundation will be placed within the creek setback." No record citations whatsoever are included in the table. And his

5

comprehend the facts from bits of information stitched together this way, the portions of his own declaration he cites concerning construction within setbacks was ruled largely inadmissible by the trial court. What is perhaps most mystifying of all is his repeated citation (including in the cross-referenced portions of the statement of facts) to an expert declaration as support for *any* suggestion that setbacks were an issue. In the portion Nemer cites, the expert states: "The Design Review approval *includes findings that the project complies with the standard setbacks permitted by the zoning and that no setback variances to zoning standards was needed.* See approved Design Review plans and approved Building Permit Plans." (Italics added.)

Illustrative of his legal analysis are the first seven pages of his legal argument section, preceding a lengthy discussion of the evidence, which is incomprehensible, disorganized and conclusory. It contains no analysis of any legal principles much less relevant ones, touching principally on the subject of res judicata (a discussion that itself includes a stray, one-sentence claim of unrelated evidentiary error). The few citations to legal authority scattered throughout these pages are not explained or analyzed. At bottom, it is impossible to discern any relevant points of law from this discussion that would enable us to evaluate his claims, as stated in several of his argument headings, that "The City Followed An Improper Approval Procedure" or that "A Writ on the Code Violation Complaint is Required."

A trial court's order is presumed correct, and the party challenging that order has the burden to demonstrate the court committed reversible error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) " 'In order to demonstrate

---

general description of the table is supported by a single citation to a portion of his trial brief that itself does not refer to any actual evidence.

6

error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' " (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146; see also Cal. Rules of Court, rule 8.204(a)(1)(B).) "Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review." (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078.) Likewise, it is not sufficient simply to cite legal authority without explaining how it applies. (*Doe v. McLaughlin* (2022) 83 Cal.App.5th 640, 654; *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.) The appellant's opening brief must also provide a summary of the significant facts. (Cal. Rules Court, rule 8.204(a)(2)(C).) Nemer's pro per status does not lessen his burden or excuse his compliance with the requirement of presenting a cognizable appellate argument. (See *Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210 [self-represented litigant is "treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys"].) And his opening brief violates these principles on virtually every page.

The incoherence of Nemer's papers has been a chronic issue. As stated by the trial court, "Nemer's papers are confusing and often hard to follow" and "[p]roblems with the clarity of Nemer's briefs and submissions have arisen throughout the proceedings, including at the appellate level." We ourselves noted these problems in Nemer's two prior appeals. (See *Nemer I., supra*, at p. *1; *Nemer II*, *supra*, at p. *1.) Although we succeeded in deciphering and addressing several discrete legal issues he was attempting to

raise in the prior appeals, which arose on smaller records and were more limited in scope, it is simply not possible to do so here.

We refrain from attempting to identify each appellate argument Nemer makes and point out the specific ways in which each one fails to present a proper, cognizable appellate argument. The opening brief is a factual and legal jumble. We cannot act as his advocate to develop a cogent argument on his behalf and he has presented none. (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 ["It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness"].)

Nemer has failed to present any coherent, intelligible legal argument for reversal supported by relevant legal authority and an appropriate discussion of the material portions of the record. We therefore affirm the judgment.

The trial court has not yet ruled on whether the City's return on the writ is sufficient and we express no opinion on that subject.

## DISPOSITION

The trial court's decision is affirmed. Respondents shall recover their costs.

STEWART, P. J.

WE CONCUR:


MILLER, J.

MARKMAN, J.*

---

* Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8